IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

NORMAN E. & CAROLE M. CURFMAN,    )
    )
        Plaintiffs,    )
    )
       v.    )     No: 1:06-cv-1987 (RMC)
    )
UNITED STATES,    )
    )
        Defendant.    )

**UNITED STATES' MOTION TO DISMISS
& SUPPORTING MEMORANDUM**

MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),
to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that the Court lacks
subject matter jurisdiction over the complaint and the complaint fails to state a claim
upon which relief can be granted.  A memorandum of points and authorities in support
of this motion and a proposed order are submitted herewith.

The specific relief sought by this motion is dismissal of the complaint with
prejudice.

DATE:  January 22, 2007.   Respectfully submitted,

   /s/ Michael J. Salem           
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

2097811.1

Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2097811.1

MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

## QUESTIONS PRESENTED

Plaintiffs complain that the Internal Revenue Service illegally disclosed his tax return information by filing notices of federal tax liens on the public record. Section 7433 of the Internal Revenue Code provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. Can plaintiffs recover under 26 U.S.C. § 7431 when the unauthorized disclosure claims are premised upon the filing of notices of federal tax liens?

Section 6103 of the Internal Revenue Code prohibits disclosures of "return information," except as permitted by the Code. Pursuant to exceptions in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment and recording of liens. Did the Service violate section 6103 in filing notices of federal tax liens against plaintiffs?

## STATEMENT

1. <u>Introduction</u>. On November 16, 2006, plaintiffs, acting *pro se*, filed the instant complaint. Residents of Mercersburg, Pennsylvania (Compl. ¶ 3), plaintiffs seek to recover damages for the alleged wrongful disclosure of their tax return information by Internal Revenue Service agents, both named and unnamed in the complaint (*id.* ¶ 1).

1

2097811.1

2.  <u>The claim for "wrongful disclosure" under section 7431</u>.  Plaintiffs aver that
they are the subject of ongoing "unauthorized" collection action by the Service and that
Service agents caused notices of federal tax liens to be recorded with the County
Recorder/Register of Deeds of Franklin County, Pennsylvania.<u>1</u>/  (*Id.* ¶¶ 4, 5.)
Plaintiffs allege that the notice of federal tax lien wrongfully discloses tax return
information and that such disclosures have caused them substantial mental and
emotional distress, as well as having subjected them to the possibility of identity theft.
(*Id.* ¶¶ 6, 7, 8.)

Plaintiffs base their action on 26 U.S.C. § 7431, which they aver provides
taxpayers with a cause of action for statutory and/or actual and punitive damages
against the United States in the event a Service agent makes any unlawful disclosure of
return information in violation of 26 U.S.C. § 6103.  (*Id.* ¶ 16.)

3.  <u>The motion at bar</u>.  The United States now moves to dismiss plaintiffs'
complaint.

ARGUMENT

I

_____

<u>1</u>/Plaintiffs aver that a redacted copy of a notice of federal tax lien is attached to
the complaint.  (Compl. ¶ 5.)  In fact, 11 separate copies of notices of federal tax liens are
attached to plaintiffs' complaint.  Of those that are legible, the notices reveal unpaid
federal tax assessments, against plaintiffs, totaling more than $50,000, exclusive of
accrued interest.

<u>Standard of Review</u>

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts. *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). The court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The court must give a plaintiff's factual allegations closer scrutiny when resolving a rule 12(b)(1) motion than would be required for a rule 12(b)(6) motion, because the plaintiff has the burden of proof to establish jurisdiction. *See, e.g., Role Models America, Inc. v. Harvey*, 2006 WL 2793178, *3 (D.D.C. Sept. 28, 2006), *citing Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. *See, e.g., Cronauer v. United States*, 2006 WL 2708682, *2 (D.D.C. Sept. 20, 2006), *citing EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625n.3 (D.C. Cir. 1997); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

II

<u>Section 7433 Is Plaintiffs' Exclusive Remedy</u>

3

Plaintiffs' section 7431 claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433 (a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action *shall be the exclusive remedy for recovering damages resulting from such actions*.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" in the course of federal tax collection. Congress provided only one exception to section 7433's exclusivity—section 7432.2/

Section 7431 was added to the Internal Revenue Code six years before section 7433. As a result, Congress must necessarily have been aware of section 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress

---

2/Section 7432 provides a damages remedy for "wrongful failure to release lien." *See* 26 U.S.C. § 7432.

intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception, along with section 7432. *Cf. Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In *Shwarz v. United States*, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity. *Shwarz v. United States*, 234 F.2d 428, 433 (9th Cir. 2000). In *Shwarz*, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter the taxpayers' place of business to effect a levy and when revenue officers posted seizure notices at the taxpayers' place of

5

business.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  *See also Elias v. United States*, 1990 WL 264722, *9n.7 (C.D. Cal. Dec. 21, 1990) (noting that given the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992).

Judge Bates recently adopted the holding in *Shwarz*, concluding that section 7433 is the exclusive remedy for allegedly improper tax collection activity by the Service.  *See Ross v. United States*, ___ F.Supp.2d ___, 2006 WL 3250831, *8 (D.D.C. Nov. 10, 2006).  In *Ross*, the court held that section 7433 preempted actions to redress or challenge purportedly illegal tax collection actions under the Administrative Procedures Act, the All Writs Act, the Mandamus Act, the Freedom of Information Act, the Privacy Act of 1974, the Federal Records Act, and the National Archives Act.  The same logic and reasoning would result in the conclusion that section 7433's exclusivity provision precludes and displaces actions under section 7431 for wrongful disclosures allegedly occurring during the course of tax collection activities.

In sum, section 7433 is the exclusive remedy for disclosures alleged to have been made during tax collection activities.  Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed.  To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both

sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief,

depending on the alleged violation.  Congress did not intend to allow a taxpayer to

receive double recovery for the same conduct, or to shop for the more favorable

remedial scheme.

III

<u>Plaintiff's Claim Is Barred Because the Jurisdictional
Predicates of Section 7433 Have Not Been Met</u>

Assuming for purposes of argument, that plaintiffs had properly brought their

suit pursuant to section 7433,  the Court should nonetheless dismiss plaintiffs'

complaint because the jurisdictional predicates of section 7433 have not been met.

It is well-settled that the United States is immune from suit, unless its sovereign

immunity has been waived.  *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Lehman v.

Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United

States v. Shaw*, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the

sovereign has waived immunity, no suit can be maintained unless it is in exact

compliance with the terms of the statute under which the sovereign has consented to be

sued.  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *United States v. Sherwood*,

312 U.S. 584, 586-587 (1941).

Under section 7433(d)(1), prior to bringing a suit in federal district court for

damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [7433] subsection (b) unless the

2097811.1

court determines that the plaintiff has exhausted the administrative remedies available

to such plaintiff within the Internal Revenue Service." *Id.*

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433. 26 C.F.R. § 301.7433-1(e). The

regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000
> in the case of negligence) or actual, direct economic
> damages, as defined in paragraph (b) of this section [7433]
> shall be sent in writing to the Area Director, Attn:
> Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

*Id.* The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives and include the following: (1) the

grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the

dollar amount of the claim, including any damages not yet incurred but that are

reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. §

301.7433-1(e)(1) & (2). Failure to comply with this regulation deprives a court of

jurisdiction. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United

States*, 979 F.2d 1375 (9th Cir. 1992); *Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006);

*Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006); *McGuirl v. United States*, 360

F.Supp.2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" *Holt v. Davidson*, 441

F.Supp.2d at 96 (*citing People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F.Supp.2d 1040, 1048

8

2097811.1

(E.D. Cal. 2001)).  In the instant matter, plaintiffs make no assertions concerning their

pursuit of administrative remedies.  Therefore, plaintiffs have not met their burden to

allege adequately that the United States has unequivocally waived its sovereign

immunity.  Because plaintiffs have not met their burden to allege exhaustion of

administrative remedies, and hence, a waiver of sovereign immunity, this Court does

not have jurisdiction over their claim and should dismiss the complaint pursuant to

Fed. R. Civ. P. 12(b)(1).3/

---

3/There is conflicting case law in this district concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Compare Lindsey v. United States*, 448 F.Supp.2d 37, 52-54 (D.D.C. 2006) *and Turner v. United States*, 429 F.Supp.2d 149, 154 (D.D.C. 2006) *with Glass v. United States*, 424 F.Supp.2d 224, 227 (D.D.C. 2006); *Holt v. Davidson*, 441 F.Supp.2d 92, 95 (D.D.C. 2006); *McGuirl v. United States,* 360 F.Supp.2d 125 (D.D.C. 2004).  It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, *** and *the terms of its consent to be sued in any court define that court's jurisdiction* to entertain the suit.") (emphasis added); *accord, United States v. Dalm*, 494 U.S. 596, 608 (1990).  But in any event, the question is somewhat academic in this case, since the complaint should be dismissed for failure to state a claim even if the Court concludes that it has subject matter jurisdiction.  Moreover, should the Court conclude it has subject matter jurisdiction under section 7433, but cannot award damages on account of plaintiff's failure to exhaust administrative remedies, *the Court lacks subject matter jurisdiction to award any other form of relief,* such as to declare plaintiff's rights or to award injunctive relief.  *See Lindsey v. United States*, 448 F.Supp.2d at 57-60 (court lacks subject matter jurisdiction over plaintiff's request for declaration of rights and for injunction under section 7433).  In other words, under section 7433, *this Court can award only one type of relief*—money damages—but it cannot do so unless the plaintiffs have exhausted their administrative remedies.

2097811.1

IV

Plaintiffs Fail to State a Claim Because
There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or

7433, plaintiffs have not alleged sufficient facts upon which to posit a violation of 26

U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P.

12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process.  Section 7433 protects taxpayers

from negligent or intentional violations of section 6103, *inter alia*, in the collection

process.  Section 6103(a) is a general taxpayer privacy-protection statute, and states the

general rule that return information shall be confidential, and that, except as authorized,

such information shall not be disclosed.  *Church of Scientology of California v. Internal

Revenue Service*, 484 U.S. 9, 10 (1987).  The Internal Revenue Code contains a number of

specific and several general exceptions to this rule of non-disclosure.  Specifically,

section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection
> with his official duties relating to any *** collection activity
> *** disclose return information to the extent that such
> disclosure is necessary in obtaining information, which is
> not otherwise reasonably available *** with respect to the
> enforcement of any other provisions in this title.  Such
> disclosures shall be made only in such situations and under
> such conditions as the Secretary may prescribe by
> regulation.

26 U.S.C. § 6103(k)(6).

10

2097811.1

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).4/ Section 301.6103(k)(6)-1(b) states:

> [A]n internal revenue employee *** in connection with the performance of official duties relating to any *** collection activity *** may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to—
>
>> (vi) *** to locate assets in which the taxpayer has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets ***.

26 C.F.R. § 301.6103(k)(6)-1T(a)(vi) (2003); *see also* 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).  Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)."  *Elias v. United States*, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), *aff'd mem.*, 974 F.2d 1341 (9th Cir. 1992); *see also, Long v. United States*, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant

---

4/ Because section 6103(k)(6) directs the Secretary of Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," entitled to special deference from the courts.  *See, e.g., Chrysler Corp. v. Brown*, 441 U.S. 281, 301-03 (1979).

11

regulations do permit disclosure of tax return information when made in notices of lien."); *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain.  Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")   The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under section 7431.

        In the instant case, it cannot be disputed that the notices of federal tax liens were filed in connection with the official duties of the Service in attempting to collect the plaintiffs' substantial unpaid federal tax liabilities.  Had the information not been disclosed, creditors of plaintiffs would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien *** is to place the public on notice of the lien." *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1489 (9th Cir. 1991).  The actions of the Service agents in this case properly fall under the protection of sections 6103(k)(6) and 6323 and therefore, there can be no liability under sections 7431 or 7433.

        Plaintiffs' complaint asserts that the lien notices at issue are "[i]n amounts for which defendant has been unable to produce evidence of lawful assessments."  (Compl. ¶ 4.)  But sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the

12

validity of the underlying summons, lien or levy." *Elias v. United States*, 1990 WL

264722, at *5; *accord, Mann v. United States*, 204 F.3d at 1020 ("We *** agree with *** the

majority of courts which have considered the issue that there is nothing in § 6103 which

requires that the underlying means of disclosure be valid before the safe harbor of §

6103(k)(6) applies."); *Wilkerson v. United States*, 67 F.3d 112, 116 (5th Cir. 1995) ("The

plain language of the Internal Revenue Code supports the *** contention that the

validity of the underlying collection activity is irrelevant in determining whether a

disclosure is wrongful."); *Venen v. United States*, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he

propriety of the underlying collection action *** is irrelevant to whether disclosure is

authorized under section 6103."); *Bleavins v. United States*, 807 F.Supp. 487, 489

("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses

civil damages for disclosure violations of § 6103."), *aff'd,* 998 F.2d 1016 (7th Cir. 1993)

(table); *Tomlinson v. United States*, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991)

(adopting the position that the validity of the underlying lien is irrelevant), *aff'd,* 977

F.2d 591 (9th Cir. 1992); *Flippo v. United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987)

("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant

to the disclosure issue."), *aff'd,* 849 F.2d 604 (4th Cir. 1988); *cf.,* 26 C.F.R. § 301.6103-

1T(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the

issue of whether the disclosure was authorized by section 6103(k)(6)".).  Therefore,

13

plaintiffs' averment of a lack of lawful assessments has no relevance to the question of alleged unauthorized disclosures under section 6103.5/

But in any rate, the Service did in fact make proper assessments against plaintiffs as evidenced by the 11 notices of federal tax liens attached to plaintiffs' complaint. (*See* Compl. ¶ 5, unmarked attachments.)  The assessments reflected on the notices of federal tax liens constitute admissible evidence of the assessments.  Fed. R. Evid. 803(15); *see also G.M. Leasing Corp. v. United States*, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of federal tax lien as acceptable proof of assessment), *rev'd on other grounds*, 429 U.S. 338 (1997); *Amber Truck Lines v. United States*, 805 F.Supp. 32, 34 (D. Utah 1992) (noting that the certification of an Internal Revenue Service officer of notice and demand on a notice of federal tax lien makes the presumption that assessment was made even more compelling).  Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."  *Palmer v. United States*, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted).  Therefore, plaintiffs' claim of invalid assessments is

---

5/In the event that this motion were to be denied for any reason, and the United States required to answer, the United States would thereafter demonstrate by competent evidence that the notices of liens in question were based upon valid income tax assessments made against plaintiffs for the 1983, 1985, 1986, and 1987 tax years, *inter alia*, in an amount exceeding $50,000.  In addition, the United States would submit evidence that plaintiffs received the 11 notices of federal tax liens more than two years prior to filing their suit, and that therefore, their suit is untimely and barred by the applicable statute of limitations.

2097811.1

contradicted by their own pleadings, and, in any event, has no relevance to the question

of allegedly unauthorized disclosures under section 6103.

///

///

///


CONCLUSION

Plaintiffs' exclusive remedy is found in section 7433 and therefore the complaint

should be dismissed.  In the alternative, for all of the additional above-stated reasons,

this matter should be dismissed with prejudice.

DATE:  January 22, 2007.

Respectfully submitted,

/s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2097811.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS &

MEMORANDUM IN SUPPORT was caused to be served upon plaintiffs *pro se* on the

22d day of January, 2007, by depositing copies thereof in the United States' mail,

postage prepaid, addressed as follows:

> NORMAN E. CURFMAN
> CAROLE M. CURFMAN
> Plaintiffs *pro se*
> 105 S. Main Street
> Mercersburg, PA  17236.

>           /s/ Michael J. Salem
>           MICHAEL J. SALEM

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NORMAN E. & CAROLE M. CURFMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-1987 (RMC) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Having considered the United States' motion to dismiss the complaint, together

with the memorandum in support thereof, and having further considered plaintiffs'

[lack of] opposition thereto, the Court concludes that the motion ought to be granted.

Accordingly, it is this _____ day of _____, 2007, at Washington, District

of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED with prejudice; and it

is further

ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____

UNITED STATES DISTRICT JUDGE

COPIES TO:

NORMAN E. CURFMAN                    MICHAEL J. SALEM
CAROLE M. CURFMAN                    Trial Attorney, Tax Division
Plaintiffs *pro se*                  U.S. Department of Justice
105 S. Main Street                   Post Office Box 227
Mercersburg, PA  17236              Washington, DC  20044

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' proposed ORDER was caused

to be served upon plaintiffs *pro se* on the 22d day of January, 2007, by depositing copies

thereof in the United States' mail, postage prepaid, addressed as follows:

NORMAN E. CURFMAN
CAROLE M. CURFMAN
Plaintiffs *pro se*
105 S. Main Street
Mercersburg, PA  17236.

/s/ Michael J. Salem
MICHAEL J. SALEM

1560491.112097814.11