IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN E. & CAROLE M. CURFMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 1:06-cv-1987 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO UNITED
STATES' MOTION TO DISMISS COMPLAINT**

This is an action under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service.

STATEMENT & DISCUSSION

1. <u>Introduction.</u>  On January 22, 2007, the United States filed a fully supported motion to dismiss plaintiffs' complaint.  Plaintiffs have opposed the motion to dismiss on several grounds.   This reply brief addresses only those points raised in plaintiffs' opposition that warrant a response.  With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

2. <u>Plaintiffs' opposition.</u>  Plaintiffs' opposition attempts to make two points. First, plaintiffs argue that the Court has jurisdiction over their claim pursuant to 26 U.S.C. § 7431, that Congress intended for section 7431 to be a statutory remedy for wrongful disclosures occurring at any time during the federal tax assessment or

2301822.1

collection process, and that 26 U.S.C. §§ 7431 and 7433 must be construed to "coexist." (Pltfs.' Opp. at 1, 2-4, 6.)  Second, plaintiffs argue that they have stated a claim for relief under section 7431 because they assert that the filing of a notice of federal tax lien is not a collection action.  (Pltfs.' Opp. at 4-5.)

Neither argument has any merit.

3.  <u>Sections 7431 and 7433 do not conflict and do "coexist."</u>  Plaintiffs' "co-existence" argument misses the mark.  There is no doubt that sections 7431 and 7433 were intended by Congress to "coexist."  The exclusivity clause of section 7433(a) simply divides tax administrative processes into two parts—the tax collection process and all other aspects of tax administration.  Wrongful disclosures of tax returns and return information—that is, violations of the Internal Revenue Code's confidentiality provision, section 6103—occurring during any phase of tax administration other than the tax collection process, are remedied by section 7431.  Violations of section 6103, along with violations of any other Code section except section 7432, occurring during the collection phase of tax administration, are subject to the remedial scheme of section 7433.  This remedial scheme may not be to plaintiffs' liking or understanding, but it is clearly what Congress intended in enacting the final sentence of section 7433(a).  The result is a multi-faceted remedial scheme that deals with violations of the Internal Revenue Code in a carefully structured way.

Specifically, once a tax has been assessed, and the collection phase begins, section 7433 provides a broadly applicable damages remedy for violations of any collection and

collection-related procedures, whether statutory or regulatory. Included within the broad coverage of section 7433 is section 6103. Thus, *a wrongful disclosure occurring during the collection process is to be addressed under section 7433*. Under 7433, the aggrieved taxpayer can recover "actual, direct economic damages sustained by the plaintiff as a proximate result" of the statutory violation, but not more than $1,000,000. 26 U.S.C. § 7433(b). Section 7432 provides a similar, unlimited, special damages remedy for a wrongful failure to release a tax lien. 26 U.S.C. § 7432(b).

In contrast to section 7433, section 7431 provides a damages remedy for wrongful disclosures occurring during any other phase of tax administration—including those disclosures happening during criminal investigations, assessment, and audit activity. And although section 7431 is much narrower in its application, applying only to wrongful disclosures and inspections, it provides a more comprehensive damages scheme. Section 7431 provides damages for the greater of "actual damages" suffered by a taxpayer or $1,000 per disclosure or inspection. And a taxpayer who recovers actual damages on account of a willful, intentional, or grossly negligent violation, is also eligible to recover punitive damages. 26 U.S.C. § 7431(c). Finally, section 7431 has its own attorney's fees recovery provision. 26 U.S.C. § 7431(c)(3).

Given these differences, the United States submits that the Court is bound to give effect to the statutory exclusivity clause contained in section 7433, and must hold that wrongful disclosures allegedly occurring during tax collection are subject to section

7433, not section 7431.  *Accord*, *Koerner v. United States*, ___ F.Supp.2d ___, 2007 WL 159716, *2 (D.D.C. Jan. 23, 2007).

    4. <u>The filing of a notice of federal tax lien is a collection action.</u>  Plaintiffs argue that they have stated a claim under section 7431, because they assert that the notices of federal tax lien filed against them constitute wrongful disclosures of their return information that occurred other than in the tax collection process.  (Pltfs.' Opp. at 4-5) ("*** notices of lien are NOT collection tools.") (emphasis in original).  Notably, plaintiffs provide no authority for their emphatic assertion.

    The filing of a notice of federal tax lien is a tax collection activity.  *Koerner v. United States*, ___ F.Supp.2d ___, 2007 WL 159716, at *3; *Opdahl v. United States*, 2001 WL 1137296, *2 (D.D.C. Aug. 16, 2001).  Federal tax liens arise by operation of law, after assessment of a tax, the failure to pay the same by a taxpayer, and notice and demand for payment by the Internal Revenue Service.  As the federal tax lien statute provides—

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.  The purpose of the language "all property and rights to property" reveals a congressional intention to reach every interest in property that a tax debtor might have.  *United States v. National Bank of Commerce*, 472 U.S. 713, 719-20 (1985).  Furthermore, the statute's broad application is intended to "assure the *collection* of

[federal] taxes. *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945) (emphasis added). But a federal tax lien is not valid against certain types of competing creditors until notice of the lien is filed in conformance with 26 U.S.C. § 6323. *United States v. Estate of Romani*, 523 U.S. 517, 517-18 (1998). Thus, in order to preserve its position for a tax lien foreclosure suit or an administrative levy — both undeniably tax collection actions — the Internal Revenue Service must file a notice of federal tax lien. Therefore, it cannot be gainsaid that the action of filing the notice of lien is a collection action. Accordingly, section 7433 controls a suit alleging wrongful disclosures from filing notices of federal tax liens, not section 7431.

CONCLUSION

It is the position of the United States that the motion to dismiss plaintiffs' amended complaint should be granted.

DATE: March 13, 2007.

                                                Respectfully submitted,

                                                /s/ Michael J. Salem
                                                MICHAEL J. SALEM
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, DC  20044
                                                Telephone: (202) 307-6438

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' REPLY TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO DISMISS COMPLAINT  was caused to be served upon plaintiffs *pro se* on the 13th day of March, 2007, by depositing copies thereof in the United States' mail, postage prepaid, addressed as follows:

>NORMAN E. CURFMAN
>CAROLE M. CURFMAN
>Plaintiffs *pro se*
>105 S. Main Street
>Mercersburg, PA  17236.

>　　/s/ Michael J. Salem
>MICHAEL J. SALEM

2301822.1