UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORMAN E. CURFMAN and <br> CAROLE M. CURFMAN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-1987 (RMC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Plaintiffs Norman E. Curfman and Carole M. Curfman filed a *pro se* Complaint against the United States alleging that seven named and "other unknown agents" of the Internal Revenue Service ("IRS") intentionally and/or negligently disclosed confidential tax information, in violation of 26 U.S.C. § 7431. Compl ¶ 1. This claim is one of numerous boilerplate complaints that have been filed in the U.S. District Court for the District of Columbia complaining of disclosure violations under § 7431. *See, e.g., Evans v. United States*, 478 F. Supp. 2d 68 (D.D.C. 2007); *Powell v. United States*, 478 F. Supp. 2d 66 (D.D.C. 2007); *Koerner v. United States*, 471 F. Supp. 2d 125 (D.D.C. 2007). Plaintiffs essentially argue that they are entitled to damages because IRS agents recorded "eleven purported Notices of Tax Lien" with the County Recorder/Register of Deeds of Franklin County, Pennsylvania and that these liens wrongfully disclosed information which subjected the Plaintiffs to the possibility of identity theft and caused Plaintiffs "substantial mental and emotional distress." Compl. ¶¶ 4-7.

The Government has filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. *See* United States' Mot. to Dismiss & Supp. Mem. ("Def.'s Mot.") [Dkt. #4]. After careful review of the Complaint and Plaintiffs' Opposition to the Government's Motion to Dismiss, and recognizing that Plaintiff is proceeding *pro se* in this matter, the Court finds that the Complaint must be dismissed because: (1) the plain language and legislative history of § 7433 bars a claim under § 7431 where the alleged IRS disclosure is "in connection with any collection of Federal Tax"; (2) even if the Court read the Complaint as being filed under § 7433, the Plaintiffs failed to exhaust their administrative remedies, a prerequisite to filing a suit for damages in district court; and (3) the Plaintiffs' claim that the IRS violated 26 U.S.C. § 6103 by recording the lien with the County Recorders office is incorrect.

## I. LEGAL STANDARDS

The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, pursuant to Rule 12(b)(6). "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). It is well established that, in deciding a motion to dismiss for lack of

subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' for 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise the right of relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The Court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). But the Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning,* 292 F.3d at 242. In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

## II.  DISCUSSION

**A. Plaintiffs' Complaint is not actionable under § 7431**

Plaintiffs invoke the subject matter jurisdiction of this Court pursuant to 26 U.S.C. § 7431, which provides a cause of action to taxpayers for the knowing and/or negligent unlawful disclosure of confidential tax return information. Compl. ¶¶ 1-2. That statute provides:

> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of [26 U.S.C.] section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431(a)(1). Section 6103 of the Internal Revenue Code provides that: "subject to specific exceptions, tax returns and return information must be kept confidential." *Glass v. United States*, 480 F. Supp. 2d 162, 164 (D.D.C. 2007). Such return information includes, *inter alia*: "taxpayer's identity… or any other data received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence or possible existence of liability…" 26 U.S.C. § 6103(b)(2). The term "taxpayer's identity" is defined in § 6103 as "the name of the person with respect to whom a return is filed, his mailing address, his taxpayer identifying number... or a combination thereof." 26 U.S.C. § 6103(b)(6). Based on this definition of taxpayer identity, Plaintiffs allege that the named and unnamed IRS agents violated § 6103 by displaying their names and identifying numbers, and thereby caused Plaintiffs "substantial personal embarrassment, loss of good will, [and] loss in credit." Compl. ¶¶ 4, 6, 7, 18.

In addition to § 7431, a separate cause of action exists under 26 U.S.C. § 7433 for a violation of § 6103 connected with any tax collection activity. *Shwarz v. United States*, 234 F.3d

428, 432 (9th Cir. 2000). Section 7433 provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in § 7432, such civil action shall be the *exclusive* remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added). In its Motion to Dismiss, the Government argues that the exclusivity clause in § 7433 makes it the only statute under which a plaintiff can recover for "unauthorized collection actions." Def.'s Mot. at 5. Plaintiffs argue in their Opposition that Congress intended for § 7433 to "coexist" with § 7431 and that a Plaintiff could recover for any disclosure of tax return information under either § 7431 or § 7433. Pls.' Opp. to Def.'s Mot. (Pls.' Opp.) at 1-3. Plaintiff further contends that "the filing of notices of lien is not a collection action" but a notice action. Pl. Opp. at 5.

The Court first looks to the plain language of the statute. Section 7433(a) broadly authorizes a damages action where the IRS "*in connection with any collection of Federal tax… recklessly or intentionally, or by reason of negligence disregards any provision of this title*, or any regulation promulgated under this title." 26 U.S.C. § 7433(a) (emphasis added). Thus, by its own terms, § 7433 provides the exclusive remedy for the recovery of damages where the IRS "in connection with any collection of Federal tax" has disregarded "any provision of this title"— a reference that includes the confidentiality provisions of § 6103. *See Shwarz v. United States*, 234 F.3d 428, 432-34 (9th Cir. 2000) (concluding that the plain language of § 7433 precludes a suit under § 7431 where the disclosure at issue occurs in connection with the collection of Federal taxes); *see*

*also Glass*, 480 F. Supp. 2d at 164-65 (following *Shwarz*); *see also*, *Koerner*, 471 F. Supp. 2d at 127 (same); *Powell*, 478 F. Supp. 2d at 67 (same); *Evans*, 478 F. Supp. 2d at 71-72. Moreover, the statute's legislative history supports such an interpretation. Although § 7431 was already in existence when Congress enacted § 7433, "[t]he conference agreement adding the [exclusivity] provision [of § 7433] makes clear … that, except for § 7432 actions, all other actions for improper collection activity are precluded by § 7433." *Shwarz*, 234 F.3d at 433 (citing H.R. Conf. Rep. No. 100-1104, at 228-29 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5048, 5289).

Plaintiffs are correct that Congress intended both §§ 7431 and 7433 to coexist. Pls' Opp. at 2. However, both statutes can coexist and provide mutually exclusive causes of action to taxpayers for improper disclosures. Section 7433 provides a cause of action for tax collection-related disclosures alone, and § 7431 provides a cause of action for improper disclosures related to any other non-collection activity. *Shwarz*, 480 F. Supp. 2d at 432-33; *Evans*, 478 F.Supp. 2d at 72 n. 2 (noting that § 7431 actions may still be brought in other contexts where the disclosures are not in connection with "collection" of taxes).

Plaintiffs attempt to save their case by arguing that filing a Notice of Lien is not a tax collecting action. *See* Pls.' Opp. at 5. But, as the district court in *Evans* held, "[t]his argument defies common sense and the legal precedent recognizing IRS notices of tax liens as a tax collection activity." *Evans*, 478 F.Supp. 2d at 72 (citing *Koerner*, 471 F.Supp.2d at 127-38); *see also Opdahl v. United States*, No. 98-0262, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001). Thus, § 7433 is Plaintiffs' only available cause of action. *Koerner* 471 F. Supp. 2d at 127.

Accepting all of the factual allegations of the Complaint as true, the Court finds that the Plaintiffs do not have a right of action under 26 U.S.C. § 7431 because they seek damages for

IRS disclosures that were made in connection with tax collection activity. Accordingly, the complaint will be dismissed pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

### B. Plaintiffs' Complaint is not viable under § 7433.

Were the Complaint construed as a claim for damages under § 7433, the Court would still dismiss it. *See Glass*, 480 F.Supp. 2d at 165 n. 1 (it was futile for the court to construe plaintiff's claim as one for damages under § 7433, because plaintiff did not exhaust administrative remedies). Section 7433 explicitly requires that administrative remedies be exhausted as a predicate to suit: "A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Until the IRS rules on a properly filed claim, or six months pass without a ruling, no civil action for damages will lie. *Id.* § 301.7433-1(d); *see also Gaines v. U.S.*, 424 F. Supp. 2d 219, 221-22 (D.D.C. 2006) (describing statutory and regulatory scheme); *Turner v. United States*, 429 F. Supp. 2d 149, 151 (D.D.C. 2006) (same). Here, Plaintiffs do not allege that they have attempted any administrative remedies with the IRS nor can any of their exhibits be construed as an attempt at exhausting administrative remedies. Consequently if the Court construes

---

[1] In addition to arguing that Plaintiffs failed to state a claim upon which relief may be granted, the Government also contends that filing this complaint under § 7431 instead of § 7433 is a jurisdictional defect, which requires the Court to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See* Def.'s Mot. at 6. This Court agrees with the court in *Evans*, 478 F. Supp. 2d 68, which held "the deficiency alleged pertains to the boundaries of the right of action under 26 U.S.C. § 7431 in light of section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts." *Evans*, 478 F. Supp. 2d at 70. "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id*. (quoting *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006)). Therefore, the Government's Motion to Dismiss will be granted on the alternative basis that the Complaint fails to state a claim on which relief can be granted.

Plaintiffs' claim as one for damages pursuant to § 7433 the result is the same.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.[2]

### C. In the Alternative, the Alleged Disclosure Did Not Violate § 6103

Section 7431 provides civil damages when there is a negligent or willful violation of § 7431.  But not all disclosures of tax return information violate § 6103.  For example:

> [a]n internal revenue employee … in connection with the performance of official duties relating to any … collection activity … may disclose return information of any taxpayer, to the extent that such disclosure is necessary … with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]. Such disclosures shall be made only in such situations and under such conditions as the Secretary [of the Treasury] may prescribe by regulation."

26 U.S.C. § 6103(k)(6). In turn, the Secretary of the Treasury has promulgated regulations specifying the circumstances when disclosure is necessary and lawful pursuant to § 6103(k)(6).  These regulations permit disclosures when necessary to "locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to the establishment of liens against such assets . . ." 26 C.F.R. § 301.603(k)(6)-1(a)(vi) (2006).  In past cases, federal courts have found that disclosure of return information in notices of levy is necessary to the collection activity and thus falls within the § 6103(k)(6) exemption.  *See, e.g.*, *Opdahl*, 2001 WL 1137296, at *2 ("limited information concerning plaintiff's tax deficiencies included in the notice

---

[2] Exhaustion is not a jurisdictional requirement, but failure to exhaust is nevertheless fatal under Rule 12(b)(6).  *See Ross v. United States*, 460 F. Supp. 2d 139, 145-47 (D.D.C. 2006); *Lindsey v. United States*, 448 F. Supp. 2d 37, 61 (D.D.C. 2006); *also see supra* note 1.

of lien and levies was 'necessary to the collection activity'"); *see also Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000) ("Thus, § 6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed."); *Glas*s, 480 F. Supp. 2d at 166.

In the present case, Plaintiffs do not challenge the validity of the IRS's notice of lien. Instead, Plaintiffs allege that "[i]t was not necessary for the [IRS] agents to place on the purported Notices of tax lien, tax return information which subjects the Plaintiffs to the possibility of identity theft." Compl. ¶ 8. Assuming *arguendo* that § 7433 did not foreclose the Plaintiffs' claim under § 7431, which it does, this Court concludes that, based on § 6103(k)(6) and related Treasury regulations, Plaintiffs have failed to state a claim under § 7431. *See Koerner*, 471 F. Supp. 2d at 129, 2007 WL 159716, at *4; *see also Opdahl*, 2001 WL 1137296, at *2.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the Court will grant the Government's Motion to Dismiss [Dkt. #4] and will deny all other pending motions as moot.

A separate order accompanies this Memorandum Opinion.


Date: July 10, 2007                                          /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge